**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JEFFERY LEON HOLT,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-462-Y |
| § | (Consolidated with No. 4:08-CV-490-Y) |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jeffery Leon Holt, TDCJ #1392576, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2006 Holt was charged by indictment with four counts of aggravated sexual assault of

J.B., a child younger than 14 years of age, in the 396th District Court of Tarrant County, Texas. (Clerk's R. at 37)  On June 5, 2006, Holt was given and signed written plea admonishments and judicially confessed to counts one and two as alleged in the indictment, after which he entered open pleas of guilty to the charged offenses. (*Id.* at 19-24)  The trial court ordered preparation of a presentence investigation report (PSR), and held a punishment hearing.  The court permitted the state to question witnesses regarding an allegation that Holt had sexually abused another child when he was a juvenile.  (Reporter's R. 22, 38-39, 45-46)  At the conclusion of the hearing, the trial court assessed punishment at fifty years' confinement on each count, the sentences to run concurrently. (*Id.* at 37)  The Second District Court of Appeals of Texas affirmed the trial court's judgment as modified on May 10, 2007. *Holt v. Texas*, Nos. 2-06-349-CR, slip op. (Tex. App.–Fort Worth May 10, 2007) (not designated for publication).  Holt did not file a petition for discretionary review but filed two state applications for writ of habeas corpus, one for each conviction, raising one or more of the claims presented herein, which were denied by the Texas Court of Criminal Appeals on June 25, 2008, without written order on the findings of the trial court.  *Ex parte Holt*, Application Nos. WR-70,043-01 & -02, at cover.  This federal petition for writ of habeas corpus followed.

## D.  ISSUES

In six grounds, Holt claims his constitutional rights were violated because (1) his sentences are excessive, (2) the trial court allowed the state to question defense witnesses regarding an unadjudicated offense, and (3) he received ineffective assistance of counsel. (Petition at 7-8)

## E.  RULE 5 STATEMENT

Quarterman does not contend that Holt's petition is time-barred, successive, or unexhausted. (Resp't Answer at 4)

2

**F. DISCUSSION**

*Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order on the findings of the trial court, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte*

*Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*Excessive Sentence*

Holt claims that the 50-year sentences given him by the trial court, without consideration of mitigating factors such as the fact that he also was a victim of childhood abuse and that he has a low I.Q., close family ties, a psychological condition, post traumatic stress syndrome, a good work ethic, an ability to maintain employment, and a treatable pedophilic condition, are so excessive as to constitute cruel and unusual punishment. (Petition at 7; Pet'r Memorandum of Law at 9) U.S. CONST. amend. VIII. The state appellate court addressed and rejected the claim on the basis that the sentences were within the permissible range of punishment under state law for the offenses.

Holt's offenses are first degree felonies, which carry a sentencing range of five years to life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32 & 22.021(e) (Vernon 2003). If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be completely arbitrary and shocking. *See Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *see also Smallwood v. Johnson,* 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense"). Holt gave a written statement to police admitting that on more than one occasion he rubbed his penis against J.B.'s vagina, put his penis in J.B.'s mouth, put lubricating jelly on J.B.'s anus, and penetrated J.B.'s anus with his penis. (State Habeas R. at 59-60) Holt admitted to his father, brother, roommate, and J.B.'s mother that he sexually assaulted the victim, and he admitted to Dr. Kantz that he engaged in digital penetration of the victim's vagina and anus, fondling, and "oral sex" with the victim. The victim out-cried that Holt engaged in sexual intercourse with her and made her put his penis in her

4

mouth, and a rape examination revealed physical findings consistent with a history of sexual abuse. There is also a videotape that shows Holt sexually assaulting the victim. Finally, Holt pled guilty and judicially confessed to committing the offenses. Under these circumstances, the 50-year sentences are not so disproportionate to the severity of the offenses committed as to constitute cruel and unusual punishment.

*Unadjudicated Offense*

Holt claims the trial court violated his right to due process by allowing the state to cross-examine defense witnesses regarding an unadjudicated offense allegedly committed by him while he was a juvenile in the absence of proof beyond a reasonable doubt that he committed the offense. (Petition at 7; Pet'r Memorandum of Law at 16) *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2008). Specifically, Holt complains that the state was permitted to question witnesses about an allegation that Holt had sexually abused T.W, another young child. The presentence investigation report (PSR) also mentioned the allegation, to which Holt filed objections. (Clerk's R. at 28-29; Reporter's R. at 54) During the punishment hearing, the trial judge allowed the state to query the witnesses regarding the allegation, over Holt's objection, but stated that he would disregard the evidence if he found it to not be true. (Reporter's R. at 22) When questioned, Dr. Kantz testified that he was only aware of allegations of Holt's sexual abuse of J.B. (*Id.*) Holt's father testified that Holt was never charged with an offense stemming from the allegations of T.W. and that he did not believe the allegations. (*Id.* at 38-39) At the conclusion of the hearing, the trial judge expressly "disavowed" any references in the PSR to the prior sexual assault allegation. (*Id.* at 54) On this record, the state habeas court found there was no evidence presented at trial of an unadjudicated offense or that evidence of an unadjudicated offense contributed to Holt's

5

punishment.  (State Habeas R. at 65, 68)

Federal courts do not sit to review the admissibility of evidence under state law or errors in the application of state law. *Little v. Johnson,* 162 F.3d 855, 862 (5th Cir. 1998).  A state evidentiary ruling, even if erroneous, will entitle a prisoner to federal habeas corpus relief only when the trial judge's error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Baily v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984).  The wrongfully admitted evidence must have played a highly significant role in the trial to warrant habeas relief. *Little*, 162 F.3d at 862.  In the absence of rebuttal evidence, the state court's factual findings are accorded the presumption of correctness. Deferring to those findings, Holt cannot demonstrate that the trial judge considered evidence of an unadjudicated offense or that such evidence was a highly significant factor in the judge's assessment of Holt's punishment.

*Ineffective Assistance of Counsel*

Holt contends his trial counsel was ineffective by (1) failing to object that the evidence was insufficient to support his convictions and sentences and to present the motion for new trial, raising the claim, to the trial court, (2) failing to obtain a running objection to evidence of an unadjudicated offense, (3) failing to obtain an expert to prove that he was not guilty of the greater offenses, and (4) failing to request amendment of the indictment to include an allegation of the lesser offense of exposure, a third degree felony.  (Petition at 7-8; Pet'r Memorandum in Support at 18-27)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI.  To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable

6

probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal defendant, all nonjurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Therefore, to the extent Holt complains trial counsel failed to obtain an expert to prove that he was not guilty of the greater offenses and to request amendment of the indictment to include an allegation of the lesser offense of exposure, matters unrelated to the voluntariness of his pleas, the claims are nonjurisdictional and are waived by the pleas. *United States v. Broce*, 488 U.S. 563, 573-74 (1989).

Holt's remaining claims lack merit. As noted above, the evidence overwhelmingly supports Holt's convictions and sentences. *See Henderson v. Cockrell*, 333 F.3d 592, 602 (5th Cir. 2003). Thus, as determined by the state habeas court, Holt cannot demonstrate that the motion for new trial would have been granted had counsel presented the motion to the trial court or that a running objection to evidence of an unadjudicated offense would have benefitted his defense. (State Habeas R. at 66) The state court's adjudication of the claims is not objectively unreasonable in light of the evidence. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

*Evidentiary Hearing*

Holt requests an evidentiary hearing for purposes of further developing the record in support of his claims. 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A) the claim relies on–
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Holt has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II.  RECOMMENDATION

Holt has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 2, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 2, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 11, 2009.

                                              /s/   Charles Bleil
                                            CHARLES BLEIL
                                            UNITED STATES MAGISTRATE JUDGE